IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA,

    Plaintiff,

v.

MIGUEL CARDONA, in his official capacity as Secretary of Education, *et al.*,

    Defendants.

Case No. CIV-24-0461-JD

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT ITS MOTION FOR PRELIMINARY INJUNCTION

Plaintiff seeks leave to file three supplemental declarations in support of its motion for preliminary injunction, despite waiting nearly two months to file their motion and then seeking an expedited timeline for Defendants' response. Pl.'s Mot. for Leave to Suppl. its Mot. for Prelim. Inj. & Opening Br. in Supp., ECF No. 27 ("Pl.'s Mot."). Because Plaintiff's request prejudices Defendants and is supported by no valid reason, Defendants oppose.[1]

Plaintiff's conduct in seeking a preliminary injunction has already been dilatory. The challenged Rule was released on the Department of Education's

---

[1] Defendants disagree with Plaintiff's characterization of the parties' conference regrading this motion. While Plaintiff suggests that "[c]ounsel for Defendants was not able to state whether Defendants object" to the filing of Plaintiff's supplement, Pl.'s Mot. ¶ 5, that was not Defendants' representation. To Defendants' recollection, Defendants told Plaintiff that they objected to Plaintiff filing supplemental declarations.

1

website unofficially on April 19, 2024, https://www2.ed.gov/about/offices/list/ocr/docs/t9-unofficial-final-rule-2024.pdf, and officially published in the Federal Register on April 29, 2024, Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024).

Despite filing their Complaint on May 6, 2024, Plaintiff nonetheless waited until June 28, 2024, to file its motion for a preliminary injunction—two months after the Rule's official publication and just one month before the effective date. Other entities challenging the Rule sought preliminary relief seven weeks earlier. *E.g.*, Pls.' Mot. for Stay or Prelim. Inj., *Alabama v. Cardona*, 24-cv-533 (N.D. Ala., filed May 8, 2024), ECF No. 7; Mot. for a Postponement or Stay Under 5 U.S.C. § 705 or Prelim. Inj., *Louisiana v. U.S. Dep't of Educ.*, 24-cv-563 (W.D. La., filed May 13, 2024), ECF No. 17. Plaintiff has offered no explanation for its delay. Plaintiff now states that it "sought to file the PI Motion early enough to allow the Court and the parties the benefit of at least a month to consider the legal arguments raised by the PI Motion." Pl.'s Mot. ¶ 2. But Plaintiff's own strategic choice to wait until June 28, rather than filing in mid-May as plaintiffs in other cases did, virtually ensured that the Court would not have the benefit of "at least a month" to consider the issues raised by the parties.

When Plaintiff filed its motion for a preliminary injunction, it requested that

the Court expedite proceedings due to the now rapidly approaching effective date of the Rule or August 1. PI Mot. at 30, ECF No. 21. The Court accordingly entered a briefing schedule shortening the default time for Defendants to respond to Plaintiff's motion and for Plaintiff to reply. Order Setting Expedited Briefing, ECF No. 25. Time is thus now very short for the parties and the Court. Defendants have four days remaining to respond to Plaintiff's motion for a preliminary injunction motion. Defendants should not be prejudiced by being forced to address late-breaking declarations because Plaintiff did not use the two months following the Rule's official publication to prepare its filings.

Plaintiff's filing offers no reason these declarations could not have been attached to its initial filing on June 28—indeed, it offers no explanation for its delay at all. *See* Pl.'s Mot. ¶ 2 (stating without explanation that "[s]ince the filing of the PI Motion, Oklahoma has confirmed that three lay witnesses . . ."). *Cf.* Fed. R. Civ. P. 6(b)(1) (noting a court may extend time "for good cause"). The Court need not accept Plaintiff's untimely declarations in the absence of any such explanation. *See Equitable Nat'l Life Ins. Co. v. AXA Equitable Life Ins. Co.*, 434 F. Supp. 3d 1227, 1238 (D. Utah 2020) (denying a party's motion to file late two declarations because it "failed to demonstrate that its neglect in not timely filing the declarations was excusable"), *appeal dismissed*, 2020 WL 4188026 (10th Cir. Feb. 5, 2020).

Where the timing of the preliminary injunction motion was entirely under

3

Plaintiff's control, and where Plaintiff has successfully sought expedited briefing, Plaintiff should not be further permitted to unilaterally shorten Defendants' time to respond by late-providing materials supporting their motion. Plaintiff's motion should be denied.

DATED: July 12, 2024

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    EMILY B. NESTLER
    Assistant Branch Director

    */s/ Pardis Gheibi*
    PARDIS GHEIBI (D.C. Bar No. 90004767)
    Trial Attorney, U.S. Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street, N.W.
    Washington, D.C. 20005
    Tel.: (202) 305-3246
    Email: pardis.gheibi@usdoj.gov

    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*