IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-24-00461-JD |
| | ) |
| MIGUEL CARDONA, in his official capacity as the Secretary of Education; and UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion for Leave to Supplement its Motion for Preliminary Injunction ("Motion"). [Doc. No. 27]. The Motion seeks to supplement Plaintiff's Motion for Preliminary Injunction [Doc. No. 21] to add three declarations from three witnesses, which are attached to the Motion. *See* [Doc. Nos. 27-1, 27-2, and 27-3]. Plaintiff states that when it filed the Motion for Preliminary Injunction, it had not yet confirmed whether these lay witnesses would be willing to testify. *See* Motion at 2.

Defendants filed a response in opposition ("Response") [Doc. No. 33]. Defendants state that granting this request would prejudice them because they would be "forced to address late-breaking declarations." Response at 3. However, they point the Court to no binding precedent that requires it to deny Plaintiff's request. Indeed, Plaintiff notes that it does not intend to modify its brief in support of its Motion for Preliminary Injunction in any respect, which Defendants have had since June 28, 2024. *See* Motion at 2. Additionally, Defendants' Response to the Motion for Preliminary Injunction is not yet

due, and they have had access to the supplemental declarations since July 8, 2024. While the Court does not disagree that the timing of Plaintiff's Motion for Preliminary Injunction is not ideal given the timing of when the challenged rule was officially published and its effective date, the Court does not view that as a reason to deny the leave to supplement presented in the Motion.

Accordingly, the Court GRANTS Plaintiff's Motion.

IT IS SO ORDERED this 15th day of July 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE